**UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

| | |
|---|---|
| JOSEPHINE YURCABA, Personal Representative of the Estate of Carolyn Black-Brooks,<br><br>Plaintiff,<br><br>v.<br><br>U.S. Bank National Association, as Trustee of the Brooks Family Trust,<br><br>Defendant. | No.<br><br>PLAINTIFF'S COMPLAINT |

Plaintiff, for their causes of action against Defendant, alleges as follows:

I.     PARTIES

1.1    <u>Plaintiff</u>. At all times material hereto, Josephine Yurcaba, as Personal Representative of the Estate of Carolyn Black-Brooks, is and was a resident of Jefferson County, Washington.

PLAINTIFF'S COMPLAINT - PAGE 1 of 7

KITSAP LAW GROUP
3212 NW Byron Street Suite 101
Silverdale, WA 98383
Tel (360) 692 6415
Fax (360) 692 1257

1.2  Defendant.  At all times material hereto, U.S. Bank National Association is and was a Delaware corporation, with its main office located at 425 Walnut Street Cincinnati, OH 45202, and does business throughout the State of Washington.

## II.  JURISDICTION

2.1  Plaintiff realleges and incorporates herein the preceding paragraphs of this pleading as though set forth in full.

2.2  Plaintiff brings its complaint under federal question jurisdiction, 28 U.S.C. 1331, as this action arises under the laws of the United States.

2.3  Diversity jurisdiction, 28 U.S.C. 1332, also exists, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

## III.  FACTUAL ALLEGATIONS

3.1  Plaintiff realleges and incorporates herein the preceding paragraphs of this pleading as though set forth in full.

3.2  Prior to his death on May 26, 2019, Mr. Kenneth M. Brooks executed two separate wills, one on January 22, 2016 ("2016 Will") and one on February 7, 2017 ("2017 Will). The 2016 Will bequeathed Mr. Brooks' estate primarily to his wife Ms. Carolyn Black-Brooks. The 2017 Will names his wife as the primary beneficiary of his estate. *See* Exhibit A.

3.3  Defendant U.S. Bank National Association ("U.S. Bank") serves as trustee of Mr. Brooks' trust ("Brooks Family Trust").

3.4  Mr. Brooks' was the owner of an Individual Retirement Account (Account No. 3001477    ) ("IRA") held by Defendant. On July 28, 2016, Mr. Brooks designated the IRA's beneficiary to be Ms. Black-Brooks. *See* Exhibit B.

PLAINTIFF'S COMPLAINT
- PAGE 2 of 7

KITSAP LAW GROUP
3212 NW Byron Street Suite 101
Silverdale, WA 98383
Tel (360) 692 6415
Fax (360) 692 1257

3.5     After Mr. Brooks' death on May 26, 2019, the Washington State Superior Court for Jefferson County admitted the 2017 Will to probate and appointed Ms. Black-Brooks as Personal Representative of Mr. Brooks' estate on June 11, 2019.

3.6     Ms. Black-Brooks subsequently died on October 10, 2019. Ms. Black-Brooks' sister, Ms. Nicole Black-Robey, was appointed as Personal Representative of Ms. Black-Brooks' estate on November 15, 2019.

3.7     On October 16, 2020, Ms. Black-Robey's counsel sent a letter to U.S. Bank's Poulsbo, Washington branch requesting distribution of the IRA funds to Ms. Black-Robey. *See* Exhibit C. Defendant disregarded this request and withheld the IRA funds.

3.8     Ms. Black-Robey resigned as Personal Representative of Ms. Black-Brooks' estate on November 18, 2020. Kitsap County Superior Court then appointed Ms. Josephine Yurcaba as Personal Representative of Ms. Black-Brooks' estate on December 18, 2020.

3.9     Acting under her capacity as Personal Representative of Ms. Black-Brooks' estate, Ms. Yurcaba submitted a "One-Time IRA Distribution Request" form to Defendant on March 17, 2021 for the IRA, which was then valued at $375,381.87. *See* Exhibit D.

3.10    Plaintiff's counsel has sent repeated demands to Defendant to distribute the IRA funds to Plaintiff and has received no explanation as to why the funds are being withheld. *See* Exhibit E and Exhibit F. Defendant informed Plaintiff's counsel that it did not know where the IRA funds were being held by the bank. Plaintiff was not informed by Defendant that the IRA funds were transferred into an IRA trust in Spokane, Washington.

3.11    At all times material hereto, Defendant has not made any distributions of the IRA funds to Ms. Black-Brooks' estate and continues to withhold the funds. Defendant has withheld the IRA funds from Plaintiff without notice or due process.

PLAINTIFF'S COMPLAINT
- PAGE 3 of 7

KITSAP LAW GROUP
3212 NW Byron Street Suite 101
Silverdale, WA 98383
Tel (360) 692 6415
Fax (360) 692 1257

### IV. FIRST CAUSE OF ACTION: BREACH OF FIDUCIARY DUTY

4.1 Plaintiff realleges and incorporates herein the preceding paragraphs of this pleading as though set forth in full.

4.2 Defendant owed statutory and common law fiduciary duties to the Brooks Family Trust and to Ms. Black-Brooks' estate as beneficiary of Mr. Brooks' estate and IRA.

4.3 Defendant, by and through their agents, employees, and counsel, as described in Paragraphs 3.7; 3.9-3.11 herein, have breached their fiduciary duty to the Brooks Family Trust and to Ms. Black-Brooks' estate by withholding and refusing to distribute Mr. Brooks' IRA funds.

4.4 Plaintiff is therefore entitled to damages, including prejudgment interest and attorney fees.

### V. SECOND CAUSE OF ACTION: VIOLATION OF 26 U.S. CODE § 408 and 26 C.F.R. § 1.408-2 - INDIVIDUAL RETIREMENT ACCOUNTS

5.1 Plaintiff realleges and incorporates herein the preceding paragraphs of this pleading as though set forth in full.

5.2 The IRA at issue is a trust created or organized in the United States for the exclusive benefit of an individual or his beneficiaries.

5.3 Because Mr. Brooks is deceased, Defendant is required to distribute the IRA funds to Plaintiff, per 26 C.F.R. § 1.408-2(b)(7)(i).

5.4 By withholding and refusing to distribute the IRA funds to Plaintiff, Defendant has failed to act in manner that is for the exclusive benefit of the designated beneficiary of the IRA.

PLAINTIFF'S COMPLAINT
- PAGE 4 of 7

KITSAP LAW GROUP
3212 NW Byron Street Suite 101
Silverdale, WA 98383
Tel (360) 692 6415
Fax (360) 692 1257

5.5     Plaintiff is therefore entitled to damages, including prejudgment interest and attorney fees.

VI.     **THIRD CAUSE OF ACTION: VIOLATION OF RCW 19.86- WASHINGTON CONSUMER PROTECTION ACT**

6.1     Plaintiff realleges and incorporates herein the preceding paragraphs of this pleading as though set forth in full.

6.2     Defendant's conduct, by and through its principals, employees, and agents, as described in Paragraphs 3.7; 3.9-3.11 herein, constitutes unfair and deceptive acts while engaged in trade or commerce.

6.3     Defendant's pattern and practice of deceptive, unfair acts significantly impacts the public interest.

6.4     A causal link exists between Defendant's unfair and deceptive acts and Plaintiff's damages.

6.5     Defendant has violated the Washington Consumer Protection Act, RCW 19.86 *et seq.* entitling Plaintiff to treble their actual damages and recover costs and reasonable attorneys' fees.

VII.    **FOURTH CAUSE OF ACTION: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

7.1     Plaintiff realleges and incorporates herein the preceding paragraphs of this pleading as though set forth in full.

7.2     Mr. Brooks and Defendant entered in a contract for the IRA.

7.3     This contract was subject to an implied covenant of good faith and fair dealing that all parties would act in good faith and with reasonable efforts to perform their contractual duties- both explicit and implied.

PLAINTIFF'S COMPLAINT
- PAGE 5 of 7

KITSAP LAW GROUP
3212 NW Byron Street Suite 101
Silverdale, WA 98383
Tel (360) 692 6415
Fax (360) 692 1257

7.4 Defendant has breached the implied covenant of good faith and fair dealing by withholding the IRA funds from Mr. Brooks' designated beneficiary following his death.

7.5 Defendant's failure to act in good faith by refusing the distribute the IRA funds has denied Mr. Brooks and his beneficiary the full benefit of his bargain.

7.6 Accordingly, Plaintiff has been injured as a result of Defendant's breach of the covenant of good faith and fair dealing and is entitled to damages.

## VIII. FIFTH CAUSE OF ACTION: CONVERSION

8.1 Plaintiff realleges and incorporates herein the preceding paragraphs of this pleading as though set forth in full.

8.2 Plaintiff, as personal representative of the Estate of Carolyn Black-Brooks, is entitled to the IRA funds.

8.3 Defendant, by and through its principals, employees, and agents, as described in Paragraphs 3.7; 3.9-3.11 herein, has willfully interfered, without lawful justification, with the IRA funds by withholding them from the designated beneficiary.

8.4 Defendant's failure to distribute the IRA funds has deprived Plaintiff to possession of the IRA funds.

8.5 Accordingly, Plaintiff has been injured as a result of Defendant's conversion and is entitled to damages.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

9.1 That the Court find that Defendant breached its fiduciary duty to Plaintiff resulting in damage to Plaintiff.

PLAINTIFF'S COMPLAINT
- PAGE 6 of 7

KITSAP LAW GROUP
3212 NW Byron Street Suite 101
Silverdale, WA 98383
Tel (360) 692 6415
Fax (360) 692 1257

9.2 That the Court find that Defendant violated 26 U.S. CODE § 408 and 26 C.F.R. § 1.408-2 and award damages, including prejudgment interest and attorney fees.

9.3 That the Court find that Defendant violated RCW 19.86 and award actual damages, treble damages, costs, and reasonable attorney fees.

9.4 That the Court find that Defendant breached the covenant of good faith and fair dealing resulting in damage to Plaintiff.

9.5 That the Court find that Defendant converted the IRA funds resulting in damage to Plaintiff.

9.6 That the Court require Defendant to account for the funds Defendant has wrongfully withheld.

9.7 For such other and further relief as the Court deems just and equitable.

**DATED** this __8__ day of October, 2021.

KITSAP LAW GROUP

_____
WILLIAM H. BROUGHTON, WSBA # 8858
Attorney for Plaintiff

PLAINTIFF'S COMPLAINT
- PAGE 7 of 7

KITSAP LAW GROUP
3212 NW Byron Street Suite 101
Silverdale, WA 98383
Tel (360) 692 6415
Fax (360) 692 1257