UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPHINE YURCABA,

                    Plaintiff,

          v.                                    C21-5753 TSZ

U.S. BANK NATIONAL                              ORDER
ASSOCIATION,

                    Defendant.

THIS MATTER comes before the Court on a motion, docket no. 13, to dismiss

pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(b)(7), and 19, or in the

alternative to stay, filed by Defendant U.S. Bank National Association ("U.S. Bank"),

and a motion to strike, docket no. 17, filed by Plaintiff Josephine Yurcaba.  Having

reviewed all papers filed in support of, and in opposition to, the motions, the Court enters

the following Order.

**Background**

On October 8, 2021, Plaintiff, as personal representative of the estate of

Mrs. Carolyn Black-Brooks, initiated this action to recover Individual Retirement

Account ("IRA") funds held by U.S. Bank.  *See generally* Compl. (docket no. 24).

Plaintiff alleges five causes of action against U.S. Bank:  (i) breach of fiduciary duty; (ii)

ORDER - 1

1  violation of 26 U.S.C. § 408 of the Internal Revenue Code and its implementing

2  regulation, 26 C.F.R. § 1.408-2; (iii) violation of Washington's Consumer Protection Act

3  ("CPA"); (iv) breach of the implied covenant of good faith and fair dealing; and (v)

4  conversion.  *Id.* at ¶¶ 4.1–8.5.

5         On July 28, 2016, Mr. Kenneth Brooks designated his wife, Mrs. Black-Brooks, as

6  the primary beneficiary of his IRA held by U.S. Bank.  *Id.* at ¶ 3.4.  In 2016 and 2017,

7  Mr. Brooks also executed two wills, which bequeathed the majority of his estate to

8  Mrs. Black-Brooks and named her as the primary beneficiary of his estate.  *Id.* at ¶ 3.2.

9  On May 26, 2019, Mr. Brooks passed away.  *Id.* at ¶ 3.5.  Mrs. Black-Brooks died on

10  October 10, 2019.  *Id.* at ¶ 3.6.  In 2019, U.S. Bank, acting in its capacity as trustee of the

11  Brooks Family Trust, filed a petition in state court seeking a determination that certain

12  assets, including the IRA, should not be paid to Mrs. Black-Brooks.  Urness Decl. at ¶ 9

13  (docket no. 16).  In 2021, U.S. Bank resigned as trustee of the Brooks Family Trust and

14  was replaced by John Hodder.  *Id.* at ¶ 12.  Hodder continues to litigate the state-court

15  action pending in the Kitsap County Superior Court.  Heins Decl. at ¶ 5 (docket no. 15).

16  **Discussion**

17  **1.     Motion to Strike**

18         Plaintiff moves, docket no. 17, to strike paragraphs seven and eight from the

19  Declaration of Jordan C. Urness, docket no. 16.  Urness is a Wealth Management Trust

20  Advisor for U.S. Bank who served as an advisor for the Brooks Family Trust.  Urness

21

22

23

ORDER - 2

1  Decl. at ¶ 1 (docket no. 16).  Plaintiff contends that Urness's statements are inadmissible

2  because he does not have personal knowledge.  *See* Fed. R. Evid. 602.

3        Plaintiff's motion to strike is DENIED.  U.S. Bank does not claim the statements

4  are offered to prove the truth of the matter asserted.  Def.'s Reply at 8 (docket no. 21).

5  Rather, Urness's statements are offered to explain U.S. Bank's actions.  *Id.*

6  **2.     Motion to Dismiss Pursuant to Rule 12(b)(6)**

7        U.S. Bank moves under Rule 12(b)(6) to dismiss Plaintiff's second cause of action

8  for failure to state a claim.  A complaint may be lacking for one of two reasons:

9  (i) absence of a cognizable legal theory, or (ii) insufficient facts under a cognizable legal

10  claim.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

11  Plaintiff's second cause of action alleges that U.S. Bank violated 26 U.S.C. § 408 and

12  26 C.F.R. § 1.408-2 by wrongfully withholding the IRA funds from Mrs. Black-Brooks's

13  estate.  Compl. at ¶¶ 5.1–.5.  The statute and regulation provide the general requirements

14  for IRAs under the Internal Revenue Code.  U.S. Bank contends that Plaintiff's second

15  cause of action fails to plead a cognizable claim because 26 U.S.C. § 408 and 26 C.F.R.

16  § 1.408-2 do not create a private right of action.

17        Although Plaintiff filed a response in opposition to U.S. Bank's motion to dismiss,

18  docket no. 18, Plaintiff's response fails to address U.S. Bank's argument concerning a

19  private right of action.  Plaintiff's failure to respond to U.S. Bank's argument may be

20  treated as an admission that the argument has merit.  *See* LCR 7(b)(2); *see also*

21  *Nieuwejaar v. Nationstar Mortg., LLC*, No. C15-1663, 2016 WL 1436123, at *4 n.8

22  (W.D. Wash. Apr. 12, 2016) ("The court construes Plaintiffs' silence regarding this

23

ORDER - 3

1  argument as an admission of its merit . . . ."). Here, the Court treats Plaintiff's silence as

2  an admission that U.S. Bank's argument has merit and independently concludes that the

3  argument is meritorious.

4      "Like substantive federal law, private rights of action to enforce federal law must

5  be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). Congress

6  may create a private right of action either expressly or implicitly. *Lil' Man in the Boat,*

7  *Inc. v. City & County of San Francisco*, 5 F.4th 952, 958 (9th Cir. 2021). "If Congress

8  does not provide a private right of action explicitly within a statute's text, [the Court]

9  must determine whether Congress implied one." *Id.*

10      26 U.S.C. § 408 and 26 C.F.R. § 1.408-2 do not expressly provide a private right

11  of action, nor is a private right of action implied. "A number of courts have considered

12  and rejected the argument that an implied private cause of action exists under 26 U.S.C.

13  § 408." *Mandelbaum v. Fiserv, Inc.*, 787 F. Supp. 2d 1226, 1237 (D. Colo. 2011); *see,*

14  *e.g.*, *Scionti v. First Tr. Corp.*, Nos. H–95–5493, H–96–4506, H–97–2972, 1999 WL

15  35134588, at *17 (S.D. Tex. June 24, 1999) ("[T]here is no private cause of action for an

16  alleged breach of the tax code."); *Sirna v. Prudential Sec., Inc.*, Nos. 95 CIV 8422, 95

17  CIV 9016, 96 CIV 4534, 1997 WL 53194, at *3 (S.D.N.Y. Feb. 10, 1997) ("[T]here is

18  nothing in the wording or effect of the statute to suggest that Congress intended to create,

19  via [§ 408], a private right of action against errant fiduciaries."). The Court agrees with

20  these decisions and concludes that 26 U.S.C. § 408 and 26 C.F.R. § 1.408-2 do not create

21  a private cause of action as a matter of law.

22

23

ORDER - 4

1    Therefore, U.S. Bank's motion to dismiss Plaintiff's second cause of action is

2    GRANTED.[1]  Plaintiff's second cause of action is DISMISSED with prejudice, and

3    without leave to amend, for failure to state a cognizable claim.[2]

4    **3.    Motion to Dismiss Pursuant to Rule 12(b)(7) or Alternative Request to Stay**

5    U.S. Bank argues that Plaintiff's remaining claims must be dismissed under Rule

6    12(b)(7) for failure to join the Brooks Family Trust as a required party to this action.  In

7    the alternative, U.S. Bank requests that this action be stayed pending final resolution of

8    the state case pursuant to the doctrine established in *Colorado River Water Conservation*

9    *District v. United States*, 424 U.S. 800 (1976), and its progeny.  The Court's jurisdiction

10   is now based solely on diversity of citizenship.

11   In general, federal courts have a "virtually unflagging obligation . . . to exercise

12   the jurisdiction given them," even if an action concerning the same matter is pending in

13   state court.  *Colorado River*, 424 U.S. at 817; *see also Moses H. Cone Mem'l Hosp. v.*

14   *Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983).  The Supreme Court has explained that a

15   district court has discretion to decline to exercise its jurisdiction due to a pending parallel

16   action in state court under certain circumstances.  *Colorado River*, 424 U.S. at 817.  A

17

18   _____

19   [1] Pursuant to Federal Rule of Evidence 201, U.S. Bank requests that the Court take judicial
     notice of certain documents filed in *In re Estate of Kenneth M. Brooks*, Case No. 20-2-01085-18,
     Kitsap County Superior Court. Exs. A–K to U.S. Bank's Request for Judicial Notice (docket
20   no. 14).  The Court has not considered the documents in ruling on U.S. Bank's motion to
     dismiss. U.S. Bank's Request for Judicial Notice, docket no. 14, is STRICKEN as moot.

21   [2] The Court concludes that granting Plaintiff leave to amend her second cause of action is futile.
     *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  The claim pleaded in Plaintiff's second
22   cause of action is not cognizable and cannot be cured by amending to allege additional facts.

23

ORDER - 5

1    dismissal or stay of the federal action or claim may be warranted based on considerations

2    of "[w]ise judicial administration, giving regard to conservation of judicial resources and

3    comprehensive disposition of litigation." *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*,

4    342 U.S. 180, 183 (1952).  This doctrine allows federal courts to abstain from exercising

5    jurisdiction where "exceptional circumstances" exist.  *Colorado River*, 424 U.S. at 818.

6         The Ninth Circuit has recognized eight factors to consider when determining

7    whether a *Colorado River* stay is appropriate:

8         (1) which court first assumed jurisdiction over any property at stake; (2) the
          inconvenience of the federal forum; (3) the desire to avoid piecemeal
9         litigation; (4) the order in which the forums obtained jurisdiction; (5) whether
          federal law or state law provides the rule of decision on the
10        merits; (6) whether the state court proceedings can adequately protect the
          rights of the federal litigants; (7) the desire to avoid forum shopping; and
11        (8) whether the state court proceedings will resolve all issues before the
          federal court.
12
     *R.R. St. & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 978–79 (9th Cir. 2011).  In this case, a
13
     majority of the relevant factors support a stay.
14
         **a.    Which Court First Assumed Jurisdiction Over the Property at Stake**
15
         The first factor is of little weight.  "[M]oney . . . is not the sort of tangible physical
16
     property referred to in *Colorado River*." *Am. Int'l Underwriters (Philippines), Inc. v.*
17
     *Cont'l Ins. Co.*, 843 F.2d 1253, 1257–58.  However, the Court recognizes that litigation
18
     in state court began over two years ago.
19
         **b.    Relative Convenience of the Forums**
20
         U.S. Bank argues that Kitsap County Superior Court is a more convenient forum
21
     because some of the parties and witnesses live closer to the state courthouse than the
22

23

1   courthouses of this District.  Plaintiff resides in Jefferson County, Washington, Compl. at

2   ¶ 1.1, as do many of the relevant witnesses, Heins Decl. at ¶ 7.  Plaintiff did not address

3   this factor in her response to U.S. Bank's motion.  The Court agrees with U.S. Bank that

4   this factor weighs in favor of a stay.

5          **c.     The Desirability of Avoiding Piecemeal Litigation**

6          Continuing with this action will undoubtedly result in piecemeal litigation.

7   "Piecemeal litigation occurs when different tribunals consider the same issue, thereby

8   duplicating efforts and possibly reaching different results."  *R.R. St. & Co.*, 656 F.3d at

9   979 (quoting *Am. Int'l Underwriters,* 843 F.2d at 1258).  Although the claims in state

10  court differ from the claims before this Court, both courts have been tasked with

11  determining who is owed the IRA funds.  Proceeding with this action will result in the

12  duplication of efforts and could lead to an inconsistent result.  This factor weighs strongly

13  in favor of a stay.

14         **d.     The Order in which the Forums Obtained Jurisdiction and the Desire
                 to Avoid Forum Shopping**

15

16         Plaintiff initiated this action in October 2021, two years after the state case

17  commenced.  Notably, Plaintiff filed this federal action after the state court denied her

18  second motion to dismiss.  The timing of this action strongly suggests that Plaintiff is

19  attempting to forum shop or avoid adverse rulings by the state court.  *See Nakash v.*

20  *Marciano*, 882 F.2d 1411, 1417 (9th Cir. 1989) ("We have no interest in encouraging [the

21  practice of forum shopping].").  Plaintiff did not address this factor in her response.  This

22  factor weighs heavily in favor of a stay.

23

ORDER - 7

**e.      Whether State or Federal Law Controls and Whether the State Proceeding is Adequate to Protect the Parties' Rights**

Plaintiffs' remaining claims are state law claims. Both this Court and the state court are fully capable of deciding these claims. These factors are of little weight.

**f.      Whether the State Court Proceedings will Resolve all Issues before the Federal Court**

Finally, Plaintiff contends a stay is inappropriate because U.S. Bank is not a party to the state case and the issues before the courts are different. Phrased differently, Plaintiff argues that there is no parallel state proceeding because the parties in the state and federal suits are not identical and because the claims raised in this suit are contractual while those raised in the state action involve a dispute over the transfer of testamentary and non-testamentary assets. The Court agrees that the federal and state actions are not exactly parallel. However, "exact parallelism" is not required. *Nakash*, 882 F.2d at 1416. It is enough if the two actions are "substantially similar." *Id.*

The Court concludes that the two actions are substantially similar because they both concern the validity of the IRA Beneficiary Designation Change Form and the rightful beneficiary of the IRA. Both actions require a determination of Plaintiff's rights in the IRA. The Court believes that litigation in state court will most likely resolve all claims before this Court.

Having considered the relevant factors, the Court concludes that exceptional circumstances warrant a stay in this action. Therefore, U.S. Bank's request to stay this action is GRANTED.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)     Plaintiff's Motion to Strike, docket no. 17, is DENIED, and U.S. Bank's Request for Judicial Notice, docket no. 14, is STRICKEN as moot.

(2)     U.S. Bank's Motion to Dismiss, docket no. 13, is GRANTED as to Plaintiff's Second Cause of Action under 26 U.S.C. § 408 and 26 C.F.R. § 1.408-2. Plaintiff's Second Cause of Action is DISMISSED with prejudice and without leave to amend.

(3)     U.S. Bank's request to stay pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976), and its progeny, is GRANTED.  The Court hereby STAYS all proceedings in this action pending final resolution of *In re Estate of Kenneth M. Brooks*, Case No. 20-2-01085-18, or until further order of this Court.

(4)     The parties are DIRECTED to file a joint status report within fourteen (14) days after final resolution of the state court litigation, or by December 31, 2022, whichever occurs earlier.

(5)     The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 17th day of March, 2022.

Thomas S. Zilly
United States District Judge